IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEITH-LEZAR FAMILY OF      §
BRADLEY,      §      No. 3:25-MC-040-B-BW
       Claimant.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Claimant Keith-Lezar Family of Bradley initiated this miscellaneous action by filing a document titled Declaration to an Open Court of Record in Equity and to Place Title and Standing into the Public Record that was received on June 23, 2025. (Dkt. No. 2.)  On January 14, 2026, Bradley filed two "Declaration[s] of Lodgment." (Dkt. Nos. 4, 5.)  On January 15, Senior United States District Judge Jane J. Boyle referred this action to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 6.)

Bradley does not name any person or entity a defendant in this action.  In fact, in the filing that initiated this action, Bradley expressly states that this "matter is not adversarial."  (*See* Dkt. No. 2 at 1.)  Rather, he states, the action is merely to "place into the record the lawful reclamation and present administration of the estate/trust styled as 'KEITH LEZAR BRADLEY' and to establish the presence of authority of a Court of Record in Equity concerning said matter."  (*Id.*)  The omission of any defendant and filing as a non-adversarial action implicates the Court's subject matter jurisdiction; that is, the "power to say what the law is."  *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).  The Court is required to consider its jurisdiction sua

-1-

sponte, if necessary. *See Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.").

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (citing U.S. Const. art. III, § 2, cl. 1). Therefore, "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016).

"At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) ("Standing of the constitutional variety—the well-known injury, causation, and redressability trifecta—is a question of subject matter jurisdiction.").

"[T]he party invoking federal jurisdiction has the burden of proof to show standing." *Summers v. Louisiana*, No. 22-30763, 2023 WL 4265758, at *1 (5th Cir. June 29, 2023) (unpublished) (citing *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015)); *see also Hopkins v. Hoseman*, 76 F.4th 378, 392 (5th Cir. 2023) ("The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (cleaned up)).

Bradley has not named a defendant in this action, nor does he allege any injury from unlawful conduct traceable to a defendant's conduct.  His filings do not show that this miscellaneous action presents an actual case or controversy under Article III such that the Court has subject matter jurisdiction and, therefore, the power to adjudicate.  *See Robinson v. Kimbrough*, 558 F.2d 773, 774 (5th Cir. 1977) (en banc) ("There being no defendants in the case who have any duty, power or authority with respect to the challenged provision of [the statute], the claim that it is unconstitutional, facially or as applied, was not an actual controversy between real parties.  It lacked 'the "exigent adversity" which is an essential condition precedent to federal court jurisdiction.'"  (quoting *Gras v. Stevens*, 415 F. Supp. 1148, 1150 (S.D.N.Y. 1976) (three-judge panel)).

Because this miscellaneous action presents no case or controversy, the Court should dismiss the action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on May 26, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

-3-

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

-4-